UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY NORMANDIN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>      vs.<br><br>JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA N.A.; WELLS FARGO BANK, N.A.; CITIBANK, N.A.; U.S. BANK NATIONAL ASSOCIATION; PNC BANK, N.A.; TRUIST BANK; and JOHN DOE BANKS 1-5;<br><br>      Defendants. | Case No. 3:25-cv-01749-SFR |

**AMENDED PROTECTIVE ORDER**

1.      It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2.      Information, documents and other materials may be designated by the producing party in the manner permitted in this Amended Protective Order ("the Designating Person" or "Designating Party"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL – ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party in this action.

1

3.     "CONFIDENTIAL" information means information or documents (including, among other things, disclosures; responses to discovery requests; document productions; deposition testimony, exhibits, and information derived therefrom; and expert reports and materials) that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable federal, state, or local privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 1681a).

4.     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party.

5.     "Production," "Produce," "Produced," or "Produces" is the exchange of documents or electronically stored information by a Producing Party to the Receiving Party, whether voluntarily or in response to a formal or informal production request.

6.     "Privileged Material" means documents or information that is, or that the Designating Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including attorney-client privilege, attorney work product doctrine, common interest or joint defense privilege, bank supervisory privilege, and/or any other applicable United States statute, law, regulation, privilege, or immunity from disclosure.

2

7.    Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties (including individually named plaintiffs or class representatives) to this action or directors, officers, employees, and former employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A. Notwithstanding the provisions of this section, counsel may provide high level summaries or characterizations of the evidence in this action to their respective clients for the purpose of obtaining instructions in conducting this action, but such summaries and characterizations may not disclose or reveal specific information if such disclosure is not permitted under this Order. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this action and, in the course of rendering such advice, from relying upon his or her examination or knowledge of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

b. *Witnesses or Prospective Witnesses:* Designated Material, including material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but

3

it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A. Counsel for the Party intending to disclose the information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must have a good-faith basis for believing such "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is relevant to events, transactions, discussions, communications, or data about which the witness has knowledge. Counsel who intend to disclose a document at a deposition or hearing designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a witness or prospective witness of a Party that did not designate or produce the Designated Material (or a duplicate thereof) must first announce the Bates Number of the document containing the Designated Material and/or provide Counsel for the Designating Party with a copy of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information should they be in attendance, and permit Counsel for the Designating Party a short opportunity to object before the document is shown to the witness. Witnesses shall not retain a copy of documents containing "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be separately bound by the court reporter and may not be disclosed to anyone except as permitted by this Order.

c. *Author(s), Custodian(s), Recipient(s), or Subject(s) of Documents:* Designated Material, including material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be disclosed to the author(s), custodian(s), recipient(s), or subject(s) of the document. Author(s), custodian(s), and recipient(s) are those as verified either by the face of the document, the document's metadata, other written material, testimony, and/or other evidence, but not including a person who received the Designated Material solely in the course of this action, or the original source(s) of the information. Subject(s) includes any natural person whose conversation(s) or meeting(s) is/are referenced in the Designated Material or whose conduct is purported to be identified in the Designated Material, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, and disclosure to such person is limited to the portion of the Designated Material in which the person or person's conduct is/are referenced. Before Designated Material is disclosed to the third parties listed in this sub-paragraph, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to

5

be bound by this Order, by signing a document substantially in the form of Exhibit A.

e. *Counsel:* Designated Material, including material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

f. *Other Persons:* Designated Material may be provided as necessary to insurers, professional litigation services vendors (e.g., copying services, translators, litigation support firms), court reporters and videographers engaged for depositions in this action, mediators or other alternative dispute resolution staff actively engaged in attempts to resolve this action, and mock jurors. Designated Material may also be provided to other persons by consent of the Designating Person or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld. Before Designated Material is disclosed to third parties listed in this sub-paragraph, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

g. *The Court*: This Order is not binding on the Court and its personnel.

8.    Designated Material may not be disclosed to absent members of a putative or certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this action, except under the circumstances described in Section 7. If, however, Designated Material is contained in a filing with the Court, such filing may be

disclosed to Counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, (i) provided that such Counsel, if any, and the Absent Class Member agreed to be bound by this Order by signing a document substantially in the form of Exhibit A, (ii) provided that any material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is appropriately redacted, (iii) the disclosing party notifies Designating Party three (3) business days prior to the disclosure; and (iv) provided that such Absent Class Member shall not take possession of such Designated Material.

9.    Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and

   b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

10.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

   a. Promptly, and in any event no more than three (3) business days after receiving the subpoena or court order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

7

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order;

c. If the Designating Party timely seeks a protective order or files a motion to quash (at its own burden and expense), the Party served with the subpoena or court order shall not produce any Designated Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission;

d. Not produce the Designated Material unless and until a court of competent jurisdiction so directs except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Designated Material prior to the date designated for production of the Designated Material, in which event the Receiving Party may produce on the production date, but no earlier; and

e. If Designated Material is produced to an entity that is not bound by this Order, continue to treat such material with the correct confidential designation, provided, however, that if Designated Material becomes public by reason other than a Receiving Party's breach of this Stipulated Order, it is no longer entitled to protection in this Matter.

11. The Designated Material may be displayed to and discussed with the persons identified in Paragraphs 7(a)-(d), and (f) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound

by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the Designated Material may seek appropriate relief from the Court.

12.    A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

13.    Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

14.    Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

15.    The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

16.    A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. The written notice shall identify with specificity, including by Bates number if available, the information to which the objection is made, and must explain the basis for the belief that the designation was not proper. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the Designating Person does not agree to the

redesignation within fifteen (15) business days of a meet-and-confer where impasse is declared, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Person to show why the designation is proper. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

17.    Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty (30) business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the thirty (30) business days, the entire deposition transcript shall be treated as designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 7 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under Paragraph 7 of this Order and the exhibit and related transcript pages receive the same or a higher confidentiality designation as the original Designated Material.

18.    Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is presumptively public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the

automatic sealing of such Designated Material. When a party believes it is necessary to file with the Court any Designated Material, absent written consent from the Designating Party that the material may be publicly docketed, that party must move to file the material under seal in light of its status as Designated Material. The motion must include the position of the movant as to whether sealing is appropriate under Local Rule 5(e) and if so, the reasons therefor. If there is a disagreement between the Parties as to whether the material should remain under seal, or if the moving party states in the motion that the moving party lacks sufficient information to formulate a position on whether the material should be sealed, the non-movant may, within ten (10) business days, file a motion seeking to maintain the sealing of the material pursuant to Local Rule 5(e).

19.    Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

20.    Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the Designating Party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed. Except, the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

21.    Inadvertent production or disclosure of confidential material prior to its designation as such in accordance with this Order, or its designation as "CONFIDENTIAL" as opposed to "CONFIDENTIAL – ATTORNEYS' EYES ONLY", shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time. The Designating Party must then, within seven (7) business days of its written request, or such other time as agreed by the Parties, reproduce the document, paper, or thing with the appropriate confidentiality designation. The receiving Party shall take reasonable steps to either (a) sequester the document if the new designation is disputed; or (b) destroy or return all copies of such non- or mis-designated documents. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief.

22.    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d). Pursuant to Federal Rule of Civil Procedure 26, and Federal Rule of Evidence 502(d) and (e), the Parties agree that the Production of Privileged Material by itself shall, subject to the terms of this Order, not constitute a waiver of such privilege or protection, either as to specific information in the document or as to any other information relating thereto or on

12

the same or related subject matter, in this litigation or in any other federal or state proceeding. Instead, the Designating Party shall be entitled to assert such privilege or protection in accordance with this Order and request the return of any such Privileged Material in accordance with the clawback process outlined below. Nothing in this Paragraph is intended to or shall serve to limit a Party's right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

23.    This Order does not preclude a Party from intentionally waiving any claim of privilege or immunity from disclosure, including by its affirmative use of its own Privileged Material. The scope of any such intentional waiver shall be governed by Federal Rule of Evidence 502(a). If a Party uses its own Privileged Material in a deposition, hearing, Court filing, expert report, written discovery response, or correspondence, such disclosure shall be deemed intentional and that Party cannot subsequently claw back said Privileged Material.

24.    If a Designating Party becomes aware that it has Produced Privileged Material ("Disclosed Protected Information"), the Designating Party will promptly notify each receiving party in writing of the Production ("Clawback Notice"). Failure to issue the Clawback Notice promptly in relation to a document results in that document's loss of protection under Rule 502(d) as a clawed-back document. For purposes of this Section, "promptly" means: (i) within three (3) business days in the case of Produced Privileged Material used in a deposition or as a hearing exhibit where counsel for the Designating Party is present; (ii) within 7 business days of the receipt of the transcript in the case of Produced Privileged Material used in a deposition or as a hearing exhibit where counsel

13

for the Designating Party was not present (iii) within 7 business days of its use in the event Privileged Material is used in a Court filing, discovery response, or expert report; (iv) in the case of a pretrial exhibit list, within the time prescribed by the Court for objections to such pretrial filings, but no less than 7 business days after pretrial exhibit list is served; or (v) for all other cases, within a reasonable time.

25.    Within fourteen (14) days of the Clawback Notice, the Designating Party shall provide an updated privilege log accurately describing the Disclosed Protected Information consistent with the Parties' forthcoming ESI Protocol. For avoidance of doubt, such Clawback Notice must identify the basis for the privilege claimed and include the information required by the Parties' forthcoming ESI Protocol.

26.    Within seven (7) business days of the Clawback Notice, the Designating Party will provide a supplemental production volume overlay matching the identified Disclosed Protected Information, so that the receiving Party can replace the Disclosed Protected Information in its review platform and any AI Platforms. That overlay should include a redacted form of the Disclosed Protected Information if the claim is that only a portion of the document(s) is privileged, or a slip sheet noting that the document(s) has been withheld on privilege grounds if the Designating Party claims that the entire document(s) is privileged.

27.    When a party receives a Clawback Notice, it shall return or destroy all copies of Disclosed Protected Information within three (3) business days of receipt of the supplemental production volume overlay. Any notes or summaries referring or relating to any such Disclosed Protected Information subject to claim of privilege or immunity shall be

destroyed forthwith. For avoidance of doubt, if a non-privileged fact contained in any such Disclosed Protected Information is also contained in a non-privileged document that is not subject to the Clawback Notice, there is no requirement to destroy the portion of the analysis, memoranda, notes or other work product that references information that is not subject to the Clawback Notice. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the Disclosed Protected Information for any purpose until any issue of privilege is resolved by agreement of the Parties or by the Court. Any motion to compel by the receiving party must be made within a reasonable time after receiving the privilege log entry and shall not rely on any portion of the document(s) at issue other than the information disclosed in the Designating Party's privilege log. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

28.    If a Designating Party attempts to claw back Disclosed Protected Information authored or received by an individual (including an organizational designee) who is either being deposed or is scheduled for a deposition within thirty (30) calendar days, and the

15

propriety of the clawback is not resolved as set forth herein prior to the date of the deposition (or during a deposition in progress), then the Parties (including any involved Non-Parties) will meet and confer on the appropriate course of action, which may, but need not necessarily, include (i) rescheduling the deposition until the issue is resolved by the Court; or (ii) conferring prior to or during the deposition to determine if the document may be used in the deposition subject to agreed-upon limitations; or (iii) recalling the deponent for the sole and exclusive purpose of questioning the deponent on the document at issue if the Court subsequently determines the clawback was improper.

29.    If during a deposition, a Designating Party attempts to claw back Disclosed Protected Information that a Party intends to introduce as an exhibit at the deposition the Parties may call the Court during the deposition to determine if immediate resolution is possible. If, after the Parties attempt to contact the Court during the deposition, the Court is either unavailable or declines to resolve the dispute during the deposition, the Party resisting the clawback shall be permitted to recall the deponent for the sole and exclusive purpose of questioning the deponent on the document at issue if the Court subsequently determines the clawback was improper (if exercised, recalling the deponent for this purpose will not count against the total number of depositions or deposition hours to which the Party resisting the clawback is entitled). The Parties agree to negotiate in good faith on a separate order concerning the use of Designated Material in conjunction with any application, service, analytical software that employs artificial intelligence.

30.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling

16

production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

31.    The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,

Sarah F. Russell
United States District Judge

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____

_____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED: _____

Signed in the presence of:

_____(Attorney)